# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH SUTTON | ) Case Number |
| Plaintiff | ) |
| vs. | ) CIVIL COMPLAINT |
| NATIONWIDE CREDIT, INC. | ) JURY TRIAL DEMANDED |
| Defendant | ) |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Deborah Sutton, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

## I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Deborah Sutton (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.   PARTIES

4.      Plaintiff, Deborah Sutton is an adult natural person residing at 2985 Hunting Creek Road, Huntingtown, Maryland 20639.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Nationwide Credit, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Maryland with its principal place of business located at 2015 Vaughn Rd, NW, Ste. 400, Kennesaw, GA 30144 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.      In or around the beginning of April, 2010, Plaintiff started receiving calls from Defendant in regards to an alleged debt owed on a Lowes account for approximately $1,600.00.

8.      On that first call, Plaintiff informed Defendant that she had retained the services of the law firm of Persels & Associates, LLC to help aid her in the settlement of

her unsecured debt.

9.      Plaintiff offered Defendant the number 800-498-6761, and asked them to call Persels.

10.      Defendant's agent stated that he would prefer to work with Plaintiff directly on this matter.

11.      Plaintiff again asked agent to call Persels on the number stated above

12.      A few days later, Defendant called Plaintiff back and told her that he had called Persels as she had asked and they told him that she was not a client.

13.      Defendant's agent explained to the Plaintiff that since she was not a client of Persels, she should settle the account with him right now.

14.      Plaintiff insisted that she was still a client of Persels and told Defendant that she would not enter into a settlement with them.

15.      Defendant and their agents continued to call, stating that they never hear back from Persels and that they really need to collect this debt.

16.      Persels & Associates has no record indicating a call was ever received from the Defendant.

17.      On or about May 5, 2010, Persels sent a "cease and desist" letter to the Defendant informing them in writing that they were representing the Plaintiff and that all future direct contact with the Plaintiff needed to stop. **See Exhibit "A" (letter) attached hereto**.

18.      In the early part of May, 2010, Plaintiff received another call from Defendant and their agents insisting that they knew she was not a client of Persels and that she needed to work with them to pay this account off.

19.      Plaintiff asked the agent to read back the number that he had been calling to

contact Persels, Defendant's agent did not answer the Plaintiff.

20.     Plaintiff ended the call.

21.     Plaintiff continued to receive calls from Defendant throughout the month of June, 2010.

22.     On or about June 24, 2010, Persels sent a second "cease and desist" letter to the Defendant again letting them know that they were representing the Plaintiff. **See Exhibit "B" (letter) attached hereto.**

23.     Any and all contact with the Plaintiff after knowledge that they were being represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

24.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

25.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(c):     After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d:     Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):     Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:     Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:     Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in their favor and against Nationwide Credit, Inc., Inc. and Order the following relief:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. §1692k;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: July 28, 2010        **BY: /s/Brent F. Vullings**
                           Brent F. Vullings, Esquire
                           Warren & Vullings, LLP
                           1603 Rhawn Street
                           Philadelphia, PA  19111
                           215-745-9800   Fax 215-745-7880
                           Attorney for Plaintiff